# UNITED STATES DISTRICT COURT
for the
Eastern District of California

**FILED**
Jun 23, 2025
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
) Case No.  2:25-sw-0525 AC
Cellular Telephone Assigned 279-265-0578 and seized )
from Jermaine Moore )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the ___EASTERN___ District of ___CALIFORNIA___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm/Ammunition |

The application is based on these facts:

See Affidavit of FBI Special Agent Cortnie Chenoweth

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Cortnie Chenoweth
*Applicant's signature*

FBI Special Agent Cortnie Chenoweth
*Printed name and title*

Sworn to before me telephonically and signed

Date: June 23, 2025

City and state: Sacramento, California

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

## AFFIDAVIT OF FBI SPECIAL AGENT CORTNIE CHENOWETH

I, Special Agent Cortnie Chenoweth, being duly sworn, hereby depose and state:

## PURPOSE

1. This Affidavit is made in support of a search warrant for the contents of a cellular phone belonging to Jermaine Moore, as more particularly described Attachment A.

2. I assert that there is probable cause to believe that the item described above contains evidence of criminal violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm/ammunition).

## BACKGROUND AND EXPERTISE

3. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI) assigned to the Sacramento Field Office. I received training at the FBI Academy in Quantico, Virginia from October 2024 to March 2025. I was a Forensic Accountant with the FBI from June 2014 to October 2024. During my tenure with the FBI, I have worked in the areas of white-collar crime, counterterrorism, counterintelligence, and violent crime.

4. I am an "investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2510(7), in that I am an officer of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in 18 U.S.C. § 2516.

5. This affidavit is based upon my own personal knowledge but also the knowledge and/or reports of other law enforcement officers (for example, an Officer with Sacramento County Probation). Where I describe statements made by other people (including other law enforcement officers), information contained in reports and/or other documents or records in this affidavit, that information is described in sum, substance, and relevant part. Where I quote statements below, they are verbatim or near verbatim quotes of what was said. Where I insert images below, they are screen captures pertaining to the incident or evidence being described.

6. This affidavit is intended to show that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## STATEMENT OF PROBABLE CAUSE

*Jermaine Moore has previously been convicted of a felony offense and is therefore prohibited from possessing firearms and ammunition*

7. On February 14, 2022, Moore was convicted of felony carrying a concealed firearm, in violation of California Penal Code § 25400(a)(2) (Superior Court of California, County of Sacramento, Case No. 21FE019864). He was sentenced to 180 days jail and 2 years' probation.

8. On May 25, 2022, Moore was convicted of felony felon in possession of ammunition, in violation of California Penal Code § 30305(a)(1) (Superior Court of California, County of Sacramento, Case No. 22FE005695). He was sentenced to 364 days jail and 2 years' probation.

9. On December 5, 2023, the Sacramento County Probation Department formally alleged that Moore violated his terms of probation in both of the above-referenced cases. A probation violation hearing was scheduled for February 26, 2024. Moore failed to appear for the hearing. Based on Moore's failure to appear, the Sacramento County Superior Court revoked his grant of probation in both cases and issued bench warrants.

10. In addition, on April 26, 2024, an arrest warrant was issued in Placer County for Moore for providing false information to a peace officer, in violation of California Penal Code § 148.9

11. On April 10, 2025, Sacramento County Probation officers arrested Moore at an apartment on Sunnyslope Drive pursuant to the two probation violations.

12. On April 25, 2025, Moore was charged by criminal complaint with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). 2:25-MJ-0071-JDP.

*Probation Search Leads to Evidence of Moore Possessing a Firearm and Ammunition*

13. On April 10, 2025, officers with the Sacramento County Probation Department executed a *Steagald* Warrant to arrest Moore and a probation search of his residence at 6601 Sunnyslope Drive, apartment #214, Sacramento, California 95825. This address is a one bedroom, one bathroom apartment located on the second floor. There were three people present at the residence (including a two-month-old child).

14. The two adults present at the residence were Jermaine Moore and Bisheila Haney who are the parents of the two-month-old child.

15. During the probation search, probation officers found a number of items, including:

    a. Moore's black iPhone located on the living room floor. Deputy Probation Officer Dillon Herrenschmidt dialed Moore's phone number 279-265-0578, and the phone rang.

    b. A black .40 caliber Glock 23 pistol with serial number BVLC278 with one Glock magazine inserted in the magazine well that contained approximately eight love rounds of ammunition. This was located on the shelf inside the bedroom closet. The other adult occupant denied ownership of the firearm. Moore admitted that the gun was his.



3

c. House key located in Moore's front right pocket. The key was tested on the front door and was confirmed to unlock the door.



d. Indicia related to the subject, including medical paperwork and clothing located in the bedroom.



***Probable Cause to Believe that Moore was Using the Phone Number 279-265-0578***

16. The contact number of with the contact's name of "Maingonego" was located on the phone of an associate of Moore in connection with a separate

4

investigation. The street moniker "Mainegonego" is known by Sacramento County Probation Officer Herrenschmidt as belonging to Moore. Moore also operates a social media account through Instagram under the handle "maingonegoo" with the name on the account of "Ape gang Maine."



17. Sacramento County Probation served a search warrant on AT&T for ping data and call detail records for 279-265-0578.

18. AT&T provided cell phone ping locations which included latitude and longitude coordinates with a distance radius measured in meters for the cell phone associated with 279-265-0578.

19. Subscriber info indicated that the phone number was registered to the mother of Moore's child, Haney, under a different address.

20. When interviewed by Officer Herrenschmidt the day of Moore's arrest, Haney stated "I have two phones. I pay both bills." However, when Officer Herrenschmidt asked for clarification by asking, "ok but when Jermaine

5

leaves the house, he takes a phone with him right? One that he uses so you two can communicate, right?" Haney stated "yes, he does."

21. Furthermore, surveillance co-located Moore with the phone pings. Officer Herrenschmidt conducted mobile surveillance on Moore, for approximately 5 hours, while Moore traveled around Sacramento with a close associate and known probationer. Moore's pings were observed moving with him and updates of his location were consistent with the location Officer Herrenschmidt physically observed Moore to be.

22. Moore also provided the passcode to the phone which he is required to provide per his conditions of probation.  The passcode unlocked the phone which demonstrated that Moore had the ability to access and use the phone.

23. Based on Moore's use of the phone associated with phone number 279-265-0578, I believe the evidence of Moore's unlawful possession of a firearm and ammunition will be found in the phone.

## TRAINING AND EXPERIENCE

24. Based on my training and experience, and in discussion with experienced law enforcement officers, I know that:

    a. Individuals who possess firearms often take photographs and videos of themselves and their firearms.  This includes selfies and photos and video of firing the firearm.

    b. Individuals who cannot lawfully acquire firearms must take steps to acquire firearms outside of legal channels.  This includes gun sales through internet website or social media platforms.  This may also include acquiring a firearm from a friend or acquaintance through direct communications.  Evidence of how a person acquired a firearm will therefore likely be found on the person's phone, including communications and photos.

///

///

## CELLULAR PHONES, ELECTRONIC STORAGE, AND FORENSIC ANALYSIS

25. As described in Attachment B, this application seeks permission to search for items in data in a cellular telephone. The warrant applied for would authorize the seizure of electronic storage media, electronically stored information from that storage media, and potentially, the copying of electronically stored information from that storage media, all under Rule 41(e)(2)(B).

26. *Forensic Evidence.* As further described in Attachment B, this application seeks permission to locate not only files that might serve as direct evidence of the crimes described in the warrant, but also for forensic electronic evidence that establishes how the phone was used, the purpose of its use, who used it, when it was used, and/or where it was used.

27. Information stored within a computer and other electronic storage media may provide crucial evidence of the "who, what, why, when, where, and how" of criminal conduct under investigation, thus enabling the United States to establish and prove each element, or alternatively, to exclude the innocent from further suspicion. Further, computer and storage media activity can indicate how and when the computer or storage media was accessed or used. For example, as described herein, computers typically contain information that log: computer user account session times and durations, computer activity associated with user accounts, electronic storage media that connected with the computer, and the IP addresses through which the computer accessed networks and the internet. Such information allows investigators to understand the chronological context of computer or electronic storage media access, use, and events relating to the crime under investigation. Additionally, some information stored within a computer or electronic storage media may provide crucial evidence relating to the physical location of other evidence and the suspect. For example, images stored on a computer may both show a particular location and have geolocation information incorporated into its file data. Such file data typically also contains information that can indicate when the file or image was created. The existence of such image files, along with external device connection logs, may also indicate the presence of additional electronic storage media (e.g., a digital camera or cellular phone with an incorporated camera). The geographic and timeline information described herein may either inculpate or

7

exculpate the computer user.  Last, information stored within a computer may provide relevant insight into the computer user's state of mind as it relates to the offense under investigation.  For example, information within the computer may indicate the owner's motive and intent to commit a crime (e.g., internet searches indicating criminal planning), or consciousness of guilt (e.g., running a "wiping" program to destroy evidence on the computer or password protecting/encrypting such evidence in an effort to conceal it from law enforcement).

28. The process of identifying the exact files, registry entries, logs, or other forms of forensic evidence on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. While it is possible to specify in advance the records to be sought, computer evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves.  Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

29. *Nature of examination*. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit seizing, imaging, or otherwise copying the phone and would authorize a later review of the media or information consistent with the warrant.  The later review may require techniques, including but not limited to computer assisted scans of the entire medium, that might expose many parts of the internal memory to human inspection in order to determine whether it is evidence described by the warrant.  The authorization of this examination extends to any agency or party working at the direction or request of the FBI, regardless of the jurisdiction or physical location of the agency or party.

## CONCLUSION

30. Based on the above information, there is probable cause to believe that the cellular phone described above and in Attachment A contains evidence of criminal violation of 18 U.S.C. § 922(g)(1) (felon in possession of firearm/ammunition).

31. I hereby request that this Court issue a search and seizure warrant for such evidence in the contents of the cellular telephone.

I swear, under the penalty of perjury, that the foregoing information is true and correct to the best of my knowledge, information, and belief.

                                              /s/ Cortnie Chenoweth
                                              CORTNIE CHENOWETH
                                              FBI Special Agent

Sworn and Subscribed to me telephonically,
on June __23__, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

Approved as to form:

_____
JUSTIN L. LEE
Assistant United States Attorney

## ATTACHMENT A

### *Location to be searched*

The black iPhone associated with phone number 279-265-0578 seized during the probation search of Jermaine Moore's residence on April 10, 2025, and presently located at the High-Tech Crimes Blocker Locker in Sacramento, California 95826 where it is secured pending further investigation by Officer Brian Iniguez from the Sac Valley High Tech Crimes Unit (including all memory cards immediately associated/attached with the device such as subscriber identification module (SIM) cards and memory cards, and data that the phone may retrieve via cellular network from a computer based in another location).

## **ATTACHMENT B**

*Items to be seized*

This search warrant grants authority to seize all evidence of violation of 18 U.S.C. § 922(g)(1) (felon in possession of firearm/ammunition), including all of the items set forth below:

1. Records, information, communications, images, videos and writings related to the acquisition, possession, or attempted possession, of firearms or ammunition by Jermaine Moore

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

| | |
|---|---|
| In the Matter of the Search of <br> *(Briefly describe the property to be searched <br> or identify the person by name and address)* <br><br> Cellular Telephone Assigned 279-265-0578 and seized from Jermaine Moore | ) <br> ) <br> ) Case No.  2:25-sw-0525 AC <br> ) <br> ) <br> ) <br> ) |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the     EASTERN     District of     CALIFORNIA
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment B.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before     July 7, 2025
*(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10 p.m.     ☑ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
 any duty magistrate judge                              .
                    *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30)*.
☐ until, the facts justifying, the later specific date of _____.

Date and time issued: June 23, 2025 @ 2:56 p.m.

City and state:     Sacramento, California                    *allison claire* (signature)

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

**Certification**

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

Subscribed, sworn to, and returned before me this date.  _____  _____

                                                                                               *Signature of Judge*                      *Date*